IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-738-FL

| | | |
|---|---|---|
| ANTHONY MCNAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER and** |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| EASTERN DISTRICT N.C. FEDERAL | ) | |
| OFFICIALS and N.C. GENERAL | ) | |
| ASSEMBLY STATE OFFICIALS, | ) | |
| | ) | |
| Defendant. | ) | |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) (D.E. 1) by plaintiff Anthony McNair ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. In addition to conducting a frivolity review, the court must evaluate the effect of a pre-filing injunction previously entered against plaintiff ("Pre-filing Injunction"). For the reasons set forth below, the court finds that this case should be dismissed in its entirety.

## I.    BACKGROUND

### A.    Plaintiff's Complaint

Plaintiff's complaint (D.E. 1-1) consists of a four-page complaint form completed, sparsely, in handwriting. In the complaint, plaintiff names as defendants "Eastern District N.C. Federal Official[]s" and "N.C. General Ass[e]m[]bly State Officials." (Compl. 1). He describes the acts of which he complains as follows:

> Plaintiff is suing the defendant's for immunity cause the defendant's practice and exercise the crucifixion of Jesus Christ upon the plaintiff to hinderd, deny and condemn plaintiff 14th Amendment rights pursuant to 42 U.S.C. § 1985(2),

> wherefore Fed. Civil. R. P. 8, does not allow plaintiff to give short and painful statements and therefore, pursuant to Fed. Civ. R. P. 4(c) & (3) and 12(a)(1) & (A), plaintiff request the court to serve the summons and complaint upon the defendant's to answer. See attached case 5:11-CV-00122-FL and notes below and 4:13-CV-00155-F [orders] in support of plaintiff's complaint.

(*Id.* at 2) (spelling and brackets original). He seeks "immunity and Liberty of Rights" as relief.

(*Id.* at 3). Attached to his complaint is a copy of the Pre-filing Injunction. (*Id.* at 5-10).

Plaintiff also filed with his complaint an affidavit (D.E. 1-2). In it, he states:

> The Eastern District of N.C. Federal Official's and N.C. General Assmebly State Official's target and single McNair out like Jesus Christ, using and awarding citizens of N.C. interfering in Plaintiff McNair civil proceedings to crucify and condemn McNair human rights under the 14th amendment to a earthly life live like Jesus Christ. See Apostle Anthony L. McNair v. Tarboro District Attorney's Office and Rocky Mount Police Department case 5:11-cv-122-FL Attached and McNair v. N.C. General Assembly case 4:13-cv-00155-F, M&R and order.

(McNair Aff. ¶ 3) (spelling original). For purposes of its analysis, the court will treat the affidavit as part of the complaint.

### B. Pre-Filing Injunction

In *McNair v. Tarboro Dist. Atty's Office*, No. 5:11-CV-122-FL, 2011 WL 1743478 (E.D.N.C. 2 May 2011), this court entered the Pre-filing Injunction against plaintiff. It was intended to address plaintiff's consistent pattern of filing frivolous lawsuits involving "allegations that judges, prosecutors, defense attorneys, and police officers deprived him of his constitutional rights with respect to various prosecutions in state court." *Id.* at *3.

The Pre-filing Injunction enjoins plaintiff from filing: (1) "any suit seeking monetary damages for constitutional violations with respect to state court convictions that have not been invalidated as required by *Heck v. Humphrey*, 512 U.S. 477 (1994)"; or (2) "any suit involving a constitutional challenge to ongoing or recently terminated state court criminal proceedings where the challenge could instead have been brought within those proceedings." *Id.* at *5. The Pre-

filing Injunction also requires plaintiff to attach a copy of it to any complaint that he files regardless of the subject matter. *Id.* The Pre-filing Injunction warns plaintiff that he may be subject to monetary penalties or contempt proceedings if he violates it. *Id.*

## II.  MOTION TO PROCEED *IN FORMA PAUPERIS*

The court finds that plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. The motion to proceed i*n forma pauperis* is therefore GRANTED.

## III.  FRIVOLITY REVIEW

### A.  Applicable Legal Standards

The court must dismiss a case brought *in forma pauperis* if it determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred. *Denton*, 504 U.S. at 33.

Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the

complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)); *see also Todd v. Geneva Convention*, No. 3:08-660-MBS, 2008 WL 1339835, at *6 (D.S.C. 9 Apr. 2008) (holding in review for frivolousness that plaintiff must offer more detail than simply listing conclusory legal terms in order to support a claim).

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter

jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

**B.  Analysis**

The court finds that plaintiff's complaint, including the statements in the affidavit, fails to state a claim upon which relief may be granted. It consists of a rambling and disjointed series of allegations and citations without any meaningful explanation of the basis of his claims. Defendant also fails to adequately identify the officials of whom he is complaining. The complaint also does not adequately specify the relief he seeks. Because plaintiff's complaint fails to state a claim upon which relief may be granted, this case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The vagueness of plaintiff's complaint precludes the court from determining whether or not his claims are subject to the Pre-Filing Injunction. He certainly has not demonstrated that his claims fall outside the Pre-filing Injunction. To the extent that he is attempting to challenge the Pre-filing Injunction, he cannot do so. *Ohio Valley Envtl. Coalition v. Aracoma Coal Co.*, 556 F.3d 177, 201 (4th Cir. 2009) (noting that a party may not file a claim that "has already been litigated to a final judgment by that party . . . and precludes the assertion . . . of any legal theory, cause of action, or defense which could have been asserted in that action"); *Cochran v. Morris,* 73 F.3d 1310, 1317 (4th Cir. 1996) (affirming district court's dismissal on frivolity grounds of claim that was decided adversely in previous action); *Perry v. U.S.*, ___ Fed. Appx. ___, 2013 WL 6333459, at *2 (Fed. Cir. 6 Dec. 2013) (holding that proper method for plaintiff to redress alleged errors in a pre-filing injunction issued against him was "through appeal, not by collateral

attack on the judgment in a separate lawsuit" (quoting *Ullman v. United States*, 64 Fed. Cl. 557, 571 (2005))).

It is conceivable that immunity bars claims plaintiff may be attempting to assert. *See*, *e.g.*, *Osborne v. United States*, 3:14-cv-25-GCM, 2014 WL 309468, at *6 (W.D.N.C. 28 Jan. 2014) (dismissing claims against federal judges on grounds of judicial immunity as part of frivolity review). Again, though, the vagueness of the complaint precludes the court from determining the extent to which immunity may apply to plaintiff's purported claims.

## IV. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that this case be DISMISSED.

The Clerk shall send a copy of this Memorandum and Recommendation to plaintiff, who shall have until 29 April 2014 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 15th day of April 2014.

James E. Gates
United States Magistrate Judge